IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENE NAUERT,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　No. 15 C 6210
　　　　　　　　　　　　　　　　　)
LOCAL UNION 134, INTERNATIONAL )
BROTHERHOOD OF ELECTRICAL　　)
WORKERS, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

　　This matter is before the court on Defendant Local Union 134, International Brotherhood of Electrical Workers' (Local 134) motion to dismiss, and on Defendant LE TECH, Inc.'s (LTI) motion to dismiss. For the reasons stated below, the motions are denied.

**BACKGROUND**

　　Plaintiff Gene Nauert (Nauert) was allegedly employed by LEI. Local 134 was allegedly a labor organization that was, pursuant to a collective bargaining agreement (CBA), the exclusive representative of certain employees, including Nauert. Nauert was also allegedly the union steward with Local 134. Nauert claims

1

to have discovered that LTI had allegedly violated rules, laws, and/or contractual obligations relating to hourly wages, overtime, and the use of out-of-jurisdiction labor (Violations). According to Nauert, he was subsequently approached by Don Larsen (Larsen), the President of LTI, and was told not to tell anyone about the alleged Violations except for Michael Gogola (Gogola), who was employed by Local 134 as a business agent, and who was allegedly covertly aiding Larsen in the commission of the alleged Violations. Larsen also allegedly insinuated that if Nauert cooperated, he would receive some benefit, and if he did not cooperate he might lose his job. Nauert allegedly did not follow Larsen's request and instead sent an email (Email) to an officer of the International Brotherhood of Electrical Workers in which he reported the Violations. Gogola and Larsen allegedly eventually learned of the Email. On February 23, 2015, Nauert was allegedly laid off by LTI. Nauert contends that he was laid off in retaliation for reporting the Violations. Nauert also claims that he sought to have Local 134 file a grievance on his behalf, but that Local 134 refused to file a grievance.

Nauert includes in his first amended complaint a claim brought against Local 134 for a breach of the duty of fair representation (Count I), a claim brought under Section 301 (Section 301) of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185 *et seq.* against LTI for a breach of the CBA (Count II), and claims brought against LTI under Section 20 (Section 20) and Section 20.2 (Section 20.2) of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* (Count III). Local 134 now moves to dismiss the claim brought against it in Count I, and LTI moves to dismiss

the claims brought against it in Counts II and III.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Local 134's Motion to Dismiss

Local 134 argues that Nauert has failed to allege sufficient facts to state a valid breach of the duty of fair representation claim. A labor union owes "a duty of fair representation to [its] members." *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 394-95 (7th Cir. 2015). However, a labor union has "considerable latitude and a wide range of reasonableness in deciding whether to pursue a grievance through arbitration." *Id.* In order for a plaintiff to prevail on a breach of a duty of fair representation claim, based upon a labor "union's decision to refuse to process or pursue an employee's grievance," the plaintiff must establish that the labor union's "conduct toward" the plaintiff, "a member of the collective bargaining unit[,] [wa]s arbitrary, discriminatory or in bad faith." *Id.* (stating that "[w]hether the Union acted arbitrarily requires inquiry into the objective adequacy of union action") *Id.* (internal quotations omitted)(quoting *Serv. Emps. Int'l Union Local No. 150 v. Wis. Emp't Relations Comm.*, 791 N.W.2d 662, 668 (Wis. Ct. App. 2010)).

In the instant action, Local 134 contends that the facts alleged by Nauert show that Local 134 acted within its discretion when deciding not to pursue a grievance on behalf of Nauert. Local 134 contends that Nauert does not allege that he actually asked Gogola to file a grievance on his behalf. Nauert alleges that he reported the layoff to Gogola and told Gogola that the reason given by LTI for Nauert's layoff was false, and Gogola told him "there is nothing I can do. . . ." (A Compl. Par. 21).

4

Nauert also alleges that he subsequently "asked how to go about filing a grievance" and "was told by Local 134 that only Gogola could file a grievance related to his" layoff. (A Compl. Par. 22). Although Nauert does not specifically state that he asked Gogola to file a grievance, it can be inferred from the allegations that Nauert asked Gogola to do something on his behalf, which would have included filing a grievance, and Gogola refused, and that after Nauert learned only Gogola could file a grievance, Nauert believed that a further request to Gogola would have been fruitless. Nauert also specifically alleges that Local 134 "refus[ed] to file a grievance" on behalf of Nauert. (A Compl. Par. 32). Whether or not Nauert truly took the necessary steps to request a grievance involves a factual inquiry beyond the pleadings and is premature at this juncture.

Local 134 also argues that all that it was required to do was to conduct a minimal investigation before deciding not to pursue a grievance on behalf of Nauert and that Local 134 conducted such an investigation. However, such facts are not in the amended complaint and cannot be inferred from the allegations in the amended complaint. While at the summary judgment stage Local 134 can point to evidence to show that it conducted such an investigation, it is premature to do so at this juncture. There is some indication in the Nauert's allegations that the decision by Gogola was made regardless of the results of any investigation. Whether such allegations are true is not before the court at this pleadings stage. To the extent that an objective standard is employed, Local 134 still relies upon evidence outside of the pleadings. Nor can the court make inferences in favor of Local 134, the movant at this juncture.

*Appert*, 673 F.3d at 622.  Nauert has thus alleged sufficient facts relating to his claim to survive dismissal.  A determination of whether Local 134 acted in an arbitrary fashion and in bad faith involves a factual inquiry beyond the allegations in the complaint.  *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013)(stating that "[w]hether or not a union's actions are . . . in bad faith calls for a subjective inquiry and requires proof that the union acted (or failed to act) due to an improper motive")(internal quotation omitted)(quoting *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003)).  Nauert further alleges that LTI laid him off for false reasons as retaliation for sending the Email.  Local 134 has been provided with adequate notice of its alleged wrongdoing at this pleadings stage even if the court were to employ the more demanding requirements of Federal Rule of Civil Procedure 9(b).  Therefore, Local 134's motion to dismiss is denied.  At the summary judgment stage, Nauert will have to point to sufficient evidence to support such a claim.  The court also notes that Local 134 requests in the alternative that Nauert provide a more definite statement.  There is no lack of clarity as to what Nauert contends happened in this case.  Nauert has provided Local 134 with sufficient facts at this initial pleadings stage and a more definite statement is not warranted.

II.  LTI's Motion to Dismiss

LTI argues that Nauert has failed to allege sufficient facts to state a valid Section 301 claim or an Illinois Whistleblower Act claim.

A. Section 301 Claim

LTI argues that Nauert cannot prevail on his Section 301 claim against LTI because Nauert has not alleged sufficient facts to state a valid breach of the duty of fair representation claim against Local 134. (LTI Mem. 2). When a union member brings suit against his "employer for breach of contract under section 301 of the LMRA," the member "must also state a prerequisite claim of breach of [his] union's duty of fair representation." *Yeftich*, 722 F.3d at 914; *see also Cunningham v. Air Line Pilots Ass'n, Int'l*, 769 F.3d 539, 541 (7th Cir. 2014)(stating that "success in a hybrid [action] suit depends on showing both that the employer violated the contract and that the union did not represent the workers fairly"). As explained above, Nauert has alleged sufficient facts in his complaint to state a valid claim against Local 134, and it is premature at this juncture to determine the merits of the claim brought against Local 134. Therefore, LTI's motion to dismiss the Section 301 claim is denied.

B. Whistleblower Act Claims

LTI contends that Nauert failed to allege sufficient facts to state a valid Whistleblower Act claim. LTI argues that Nauert's allegations that his employment was terminated because he complained to a labor union is insufficient for a Whistleblower Act claim. LTI contends that for such a claim, a plaintiff must show that he complained to a governmental entity. Nauert acknowledges that there is such a requirement under Section 15 of the Whistleblower Act (Section 15), and LTI

7

argues in its reply that Nauert admits that he has failed to state a Section 15 claim and argues that any Section 15 claim should be dismissed. (Reply 8). However, a review of the amended complaint makes it abundantly clear that Nauert never intended to bring a Section 15 claim. Nauert specifically asserts in the amended complaint that he is bringing Whistleblower Act claims pursuant to Section 20 and Section 20.2. (A Compl. Par. 46, 47). Nauert correctly points out that there is no such reporting requirement for a Section 20 or Section 20.2 claim. Section 20 provides the following: "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation, including, but not limited to, violations of the Freedom of Information Act." 740 ILCS 174/20. Section 20.2 provides the following: "An employer may not threaten any employee with any act or omission if that act or omission would constitute retaliation against the employee under this Act." 740 ILCS 174/20.2. There is no reporting requirement in the text of Section 20 or Section 20.2. Nor does the Illinois Appellate Court hold that such a reporting requirement exists. The Illinois Appellate Court has held that for a Section 20 claim, a plaintiff must establish: (1) that he "refused to participate in an activity that would result in a violation of a state or federal law, rule or regulation," and (2) that his "employer retaliated against [him] because of the refusal." *Young v. Alden Gardens of Waterford, LLC*, 30 N.E.3d 631, 643 (Ill. App. Ct. 2015); *see also Williams v. Merle Pharmacy, Inc.*, 2015 WL 6143897, at *8 (C.D. Ill. 2015)(holding that there is no reporting requirement for a Section 20 claim). Nauert has presented allegations

8

regarding attempting to engage in concealed labor activities and to influence and threaten a union steward, which could have resulted in a violation of a state or federal law, rule, or regulation.  Nauert also alleges that he refused to participate in the alleged scheme with Gogola and Larsen, and that he was subsequently laid off and Gogola refused to pursue a grievance on his behalf.  Nauert has alleged sufficient facts to state valid Whistleblower Act claims.  Therefore, LTI's motion to dismiss the Whistleblower Act claims is denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motions to dismiss are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   January 28, 2016

9